## BELDING MANUFACTURING CO. v. DRURY.

MARRIED WOMEN—LIABILITY AS INDORSER—ESTOPPEL.

A married woman indorsed a promissory note given for her son's debt. In reply to a letter from the holder's attorney demanding payment, she denied liability, on the ground that her signature bound her only until the note was due. While she failed to state that she was a married woman at the time the indorsement was made, there was nothing to indicate that she knew that the fact constituted a legal defense. The holder, with knowledge of all the circumstances, brought suit. *Held*, that defendant was not estopped from setting up coverture as a defense.

Error to Washtenaw; Kinne, J. Submitted November 18, 1896. Decided December 1, 1896.

*Assumpsit* by the Belding Manufacturing Company against Louisa J. Drury on a promissory note. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*McGarry & Nichols*, for appellant.

*Thompson & Harriman*, for appellee.

MOORE, J. The plaintiff sued the defendant upon a promissory note, made by her son and indorsed by her. At the time of the indorsement the defendant was a married woman. Before suit was brought the attorneys for the plaintiff wrote the defendant that they had the note

for collection, and that they were instructed to "take up this matter immediately, and have it paid or secured." She replied that her signature held her only until the note was due, and said nothing about coverture being a defense. Before suit was brought plaintiff knew that defendant was a married woman when she indorsed the note. Upon the trial the defendant offered as a defense the fact that the note was indorsed by her when she was a married woman, and that the note was given for a debt due from her son, and not from her. The trial judge held the defense to be good, and directed a verdict in her favor. The plaintiff appeals, upon the ground that, inasmuch as the defendant, in her letter to its attorneys, said nothing about the defense of coverture, she is estopped now from setting up that defense; that it supposed she would not interpose that defense, and so was led to bring suit and incur costs.

We do not think the assignments of error are well taken. The plaintiff knew all about the giving of the note, and, before it brought suit, it knew that the defendant was a married woman. It also knew that defendant declined to pay the note. It also knew that she had a complete defense to the note, but there was nothing in her letter to indicate that she knew that coverture was a legal defense and meant to waive it. The undisputed facts in the case do not constitute an estoppel.

Judgment is affirmed.

The other Justices concurred.